**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

    v.                        Criminal# 1:11-CR-10206-DPW

OWENS BROWN

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255**

Now comes the Defendant, Owens Brown, and respectfully submits this memorandum of law in support of his motion for relief under 28 U.S.C. § 2255.

Brown states that his right to due process was violated where his sentence was enhanced based on evidence not contained in Brown's plea agreement or proven beyond a reasonable doubt, in violation of the Supreme Court decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

**Procedural History**

On May 13, 2011, Owens Brown was arrested and charged with conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. Owens Brown took full responsibility for his actions and signed a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

On July 24, 2012, Owens Brown waived indictment and pled guilty to a one-count Information which charged conspiracy to distribute at least 500 grams of cocaine and

1

at least 28 grams of cocaine base, in violation of 21 U.S.C. §846.

Count I of the information that Owens Brown pled guilty to carries a mandatory minimum sentence of ten years (120 months) in prison.

A sentencing hearing was held on December 20, 2012 before this Court (Woodlock, J.). The Government's theory was that Brown was in a conspiracy to buy and distribute cocaine principally with co-defendant Archie Allen. Brown objected to an increase for role in the offense.

At the conclusion of the sentencing hearing on December 20, 2012, the Court sentenced Brown to 180 months in prison, with 5 years of supervised release with standard and special conditions, and a $100.00 special assessment. The judgment was entered on December 27, 2012 and amended on January 16, 2013.

**GROUNDS FOR RELIEF**

**A. BROWN'S SENTENCE SHOULD BE VACATED OR SET ASIDE UNDER 28 U.S.C. 2255 BECAUSE IT VIOLATES THE DUE PROCESS CLAUSE AND THE 5TH, 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION UNDER THE SUPREME COURT DECISION IN ALLEYNE v. UNITED STATES.**

A prisoner may move a court to vacate or set aside his sentence under 28 U.S.C. 2255 where his sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. 2255; United States v. Colon-

Torres, 382 F.3d 76, 85, n. 8 (1st Cir. 2004); Fed. R. Crim. P. 11(e).

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, a proved beyond a reasonable doubt." 530 U.S. 466 (2000). Further expanding on this principle, the Supreme Court decided in Alleyne that the Sixth Amendment right requires that the Apprendi doctrine apply equally to facts that increase a mandatory minimum sentence. See Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013). Therefore, facts that increase the mandatory minimum are elements of the crime that must be contained in the indictment and proven beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2155.

Here, in imposing a sentence of 180 months, this Court determined that Brown should receive a four-level enhancement for his role as an organizer/leader of criminal activity which involved five or more individuals. Because the Court used "elements" that were not charged in the indictment or agreed to by Brown in the plea agreement, the sentence of 180 months violated Brown's rights to due process pursuant to the 6th and 14th Amendments of the United States Constitution. See Alleyne, 133 S. Ct. at 2155;

3

United States v. Booker, 543 U.S. 220 (2005); Ring v. Arizona, 536 U.S. 584 (2002).

> **II. THE COURT'S FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT BROWN WAS A LEADER/ORGANIZER OF THE OFFENSE VIOLATED HIS DUE PROCESS RIGHTS PURSUANT TO THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

Any element of the offense charged must be proven beyond a reasonable doubt to be considered by the sentencing Court in imposing a sentence beyond the mandatory minimum provided by statute. Alleyne v. United States, 133 S. Ct. 2151 (2013). Therefore, the standard at sentencing when increasing a sentence due to an "element" of the offense must be found by the sentencing Court beyond a reasonable doubt, not by a preponderance of the evidence. Id.; Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Booker, 543 U.S. 220 (2005).

Here, the Government alleged that Frye was a leader/organizer in the charged conspiracy. At sentencing, the Court found by a preponderance of the evidence that Brown was in fact a leader or organizer and imposed a four point increase for his alleged role in the office. As a result, the Court imposed a sentence of 180 months, 60 months beyond the mandatory minimum in violation of Brown's due process rights pursuant to the 5th and 14th Amendments of the United States Constitution. See Alleyne, 133 S. Ct. at

4

2155.

### III. THE CALCULATION OF BROWN'S CRIMINAL HISTORY CATEGORY WHICH INCREASED THE MANDATORY MINIMUM SENTENCE VIOLATED BROWN'S RIGHT TO DUE PROCESS UNDER THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

A defendant may not be exposed to a penalty exceeding the maximum punishment he would receive if punished according to the facts contained in the plea agreement alone. See Apprendi, 530 U.S. at 477; see also Ring v. Arizona, 536 U.S. 584 (2002); Alleyne, 133 S. Ct. at 2155.

In this case, the sentencing Court took into consideration Brown's criminal history category when imposing a sentence of 180 months.  As a result, Brown was sentenced 60 months beyond the mandatory minimum for the offense charged in the indictment.  Since Brown's criminal history category increased the mandatory minimum punishment for the charged offense, the imposed sentence violated Brown's due process rights pursuant to the 5th and 14th Amendments of the United States Constitution. See Apprendi, 530 U.S. at 477; see also Ring v. Arizona, 536 U.S. 584 (2002); Alleyne, 133 S. Ct. at 2155.

### CONCLUSION

Brown respectfully requests that this Court vacate or correct his sentence so it comports with the recent Supreme

5

<929>Court decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

                        Respectfully submitted
                        OWENS BROWN
                        By his Attorney,

                        /s/ Rosemary Curran Scapicchio
                        Rosemary Curran Scapicchio
                        107 Union Wharf
                        Boston, MA 02109
                        (617) 263-7400
                        BBO# 558312

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated: <u>December 27, 2013</u>   Signed: <u>/s/ Rosemary Scapicchio</u>

6